## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-

---

**ANDREA SCHAUS and**
**ASHTIN BREWER,**

      Plaintiffs,

**v.**

**FOOD-E LLC d/b/a PJ's Stagecoach Inn;**
**EuroFoodWorks LLC d/b/a PJ's Bistro; and**
**Pawel Lukasz Jakubczyk.**

      Defendants.

---

### CLASS AND COLLECTIVE ACTION COMPLAINT

---

COMES NOW Plaintiffs Andrea Schaus and Ashtin Brewer ("Plaintiffs"), by and through undersigned counsel, individually and on behalf of all others similarly situated, file this *Class and Collective Action Complaint* against Food-E LLC d/b/a PJ's Stagecoach Inn, EuroFoodWorks LLC d/b/a PJ's Bistro ("PJ's"), and Pawel Lukasz Jakubczyk.

### Statement of the Case

1.     The federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq.* (the "Wage Claim Act"), and the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Order") contain various rules regarding employee wages and working hours. Defendants violated these laws by

1

improperly diverting employee tips and failing to pay employees the applicable minimum wage for all hours worked. This class and collective action seeks to recover damages and backpay to compensate all current and former employees of Defendants for these wage violations.

### Jurisdiction

2.     The Court has jurisdiction over the parties and subject matter of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

### Venue

3.     The unlawful employment actions described below were committed in the State of Colorado. Venue is therefore proper in the United States District Court for the District of Colorado under 28 U.S.C. § 1391(b).

### Parties

4.     Plaintiff Andrea Schaus is a resident of Colorado Springs, Colorado, was employed with EuroFoodWorks LLC d/b/a PJ's Bistro from April 2017 to February 2019 and was employed with Food-E LLC d/b/a PJ's Stagecoach Inn from February 2019 through May 2019.

5.     Plaintiff Ashtin Brewer is a resident of Manitou Springs, Colorado, and was employed with Food-E LLC d/b/a PJ's Stagecoach Inn from June 2017 through August 2019.

6.      Defendant Food-E LLC d/b/a PJ's Stagecoach Inn is a Colorado limited liability company with its principal place of business located at 216 Pennsylvania Avenue, Woodland Park, Colorado 80863.

7.      Defendant EuroFoodWorks LLC d/b/a PJ's Bistro is a Colorado limited liability company with its principal place of business located at 216 Pennsylvania Avenue, Woodland Park, Colorado 80863.

8.      Defendant  Pawel Lukasz Jakubczyk is the owner of Food-E LLC and EuroFoodWorks LLC and resides at 216 Pennsylvania Avenue, Woodland Park, Colorado 80863.

### Factual Background

9.      The FLSA, Wage Claim Act, and Minimum Wage Order, which govern the wages and hours of thousands of Colorado employees, establish a minimum wage and address issues such as employee entitlement to and calculation of overtime pay.

10.     Rather than pay the full hourly minimum wage to servers and other employees, restaurants historically have sought to offset the minimum with tips and gratuities left by restaurant patrons.

11.     In a compromise between the interests of restaurant management and those of employees, legislators developed the concept of the "tip credit." As the name implies, the tip credit permits restaurants to take a credit against the minimum wage for employee tips. Therefore, under federal and state law, restaurant management is entitled to pay a sub-minimum wage to servers and other tipped employees. This lower hourly rate is known in the industry as the "server minimum."

3

12.     Before taking the tip credit, however, restaurants must adhere to certain strict pre-conditions. In addition to adequately informing employees about the tip credit, restaurants must allow employees to keep all of their tips.

13.     The sole exception to this restriction is what is known as the "tip pool." Again, as the name implies, in a tip pool, those employees who actually receive tips directly from restaurant customers pool their tips with other "front of the house" restaurant employees who assist in servicing the customer.

14.     State and federal law allow restaurants to mandate that tipped employees participate in a tip pool whereby tips are distributed according to some reasonable formula among certain employees in the service chain. A *valid* tip pooling arrangement doe not interfere with management's entitlement to claim a tip credit against the minimum wage.

15.     There is, however, one critical restriction on tip pooling —for a tip pool to be valid, only those employees who "customarily and regularly" receive tips may partake in the pool. Generally, these "customarily and regularly" tipped employees include only "front of the house" employees such as servers and hostesses. In other words, "back of the house" employees such as chefs, dishwashers, and food preparers cannot participate in the tip pool and must be paid the full minimum hourly wage. Similarly, under no circumstances may restaurant owners and management participate in the tip pool and/or divert tips for their own use.

16.     For several years, Defendants have operated PJ's Stagecoach Inn and PJ's Bistro, restaurants located in Manitou Springs. Plaintiffs worked at PJ's Bistro and PJ's Stagecoach Inn as servers.

17.     Defendants paid Plaintiffs and Class Members a tip-credit minimum wage that was less than the full minimum wage required by federal law and less than the full minimum wage required by Colorado law.

18.     Although Plaintiffs and Class Members received tips for their work at PJ's, Defendants did not allow them to keep all tips they received. Instead, Defendants required servers to relinquish a portion of their tips they received and then management distributed those tips among all the employees working at the time, including employees who do not "customarily and regularly" receive tips. Defendants applied this tip pooling policy to both PJ's restaurants.

19.     Defendants also took portions of servers' credit-card tips to pay kitchen staff and other non-tipped employees. Defendants applied this policy to both PJ's restaurants.

20.     Defendants also allowed managers and supervisors to keep portions of the tip pool.

21.     The misuse of tips and participation of non-tipped employees invalidates PJ's tip pools and nullifies Defendants' entitlement to claim a tip credit against the minimum wage. Defendants are liable for, among other things, paying sub-minimum wages to current and former employees and for all tips diverted improperly.

22.     In addition to the conduct described above, Defendants otherwise have violated the legal requirements for taking the tip credit by failing to properly inform employees about the credit.

23.     Plaintiffs are aware of other current and former employees of Defendants who were subject to these same payroll practices.

24.     Upon information and belief, Defendants applied these payroll practices and policies company-wide.

## Collective and Class Action Allegations

25.     Plaintiffs bring this action as a Fed. R. Civ. P. 23 class action, on behalf of themselves and on behalf of a Class for which Plaintiffs seek certification. Pending any modifications necessitated by discovery, Plaintiffs preliminarily define this Class as follows:

> ALL INDIVIDUALS WHO WORKED AT ANY TIME DURING THE PAST THREE YEARS AT ANY RESTAURANT OWNED OR OPERATED BY DEFENDANTS IN THE JOB POSITION OF SERVER OR BARTENDER AND WHO WERE PAID FOR THEIR WORK ON AN HOURLY BASIS ACCORDING TO THE TIP CREDIT PROVISIONS OF THE FLSA AND/ OR THE COLORADO MINIMUM WAGE ORDER.

26.     This action is properly brought as a class action for the following reasons:

a.     The Class is so numerous that joinder of all Class Members is impracticable. Upon information and belief, Defendants have employed hundreds of tipped employees during the relevant period.

b.     Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues which may exist.

c.      The claims asserted by Plaintiffs are typical of the claims of Class Members and the Class is readily ascertainable from the Defendants' own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

d.      Plaintiffs will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiffs. Furthermore, Plaintiffs are represented by experienced class action counsel.

e.      The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications which respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

f.      The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

g.      Defendants acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief to the Class as a whole.

27.    For all the foregoing reasons, Plaintiffs also seek certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. § 216(b) for all claims asserted by Plaintiffs because their claims are nearly identical to those of other Class Members. Plaintiffs and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendants' common practice, policy, or plan regarding employee wages and hours.

### First Cause of Action
### (Violation of the Fair Labor Standards Act
### 29 U.S.C. § 201, *et seq.*)

28.    Plaintiffs reallege and incorporate by reference each and every paragraph as though fully set forth herein.

29.    Plaintiffs were "employees" of PJ's Bistro and PJ's Stagecoach Inn under the Fair Labor Standards Act. 29 U.S.C. § 203(e). Plaintiffs consent to sue (signed forms attached) in this action pursuant to 29 U.S.C. § 216(b).

30.    While employed by Defendants, Plaintiffs were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 206(a).

31.    At all relevant times Defendants have been, and continue to be, "employers" within the meaning of the FLSA. 29 U.S.C. § 203(d). PJ's is an "enterprise" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA. 29 U.S.C § 203(r) and (s)(1). At all relevant times, on information and belief, PJ's has had annual gross volume of sales in excess of $500,000. 29 U.S.C. § 203(s)(1).

32.     Defendant Pawel Lukasz Jakubczyk is an owner of Food-E LLC and EuroFoodWorks LLC and at all relevant times throughout Plaintiffs and Class Members' employment had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs and Class Members' employment. As such, Pawel Lukasz Jakubczyk acted in the interest of Food-E LLC and EuroFoodWorks LLC in relation to their employees and thus is an "employer" under the FLSA.

33.     As a result of the foregoing conduct, Defendants have violated, and continue to violate, the FLSA. 29 U.S.C. § 201, *et seq*. These violations were committed knowingly, willfully, and with reckless disregard of applicable law. 29 U.S.C. § 255.

34.     As a result, Plaintiffs have been damaged in amounts to be determined at trial.

**Second Cause of Action**
**(Violation of the Colorado Wage Claim Act**
**C.R.S. § 8-4-101, *et seq*.)**

35.     Plaintiffs reallege and incorporate by reference each and every paragraph as though fully set forth herein.

36.     At all relevant times, PJ's has been, and continues to be, an "employer" within the meaning of the Colorado Wage Claim Act. C.R.S. § 8-4-101(6). At all relevant times, PJ's employed, and/or continues to employ, "employees", including Plaintiffs, within the meaning of the Colorado Wage Claim Act. C.R.S. § 8-4-101(5).

37.     As a result of the foregoing conduct, as alleged, PJ's failed to pay wages due under the Wage Claim Act, Minimum Wage Order, and FLSA, thereby violating, and continuing to violate, the Wage Claim Act. PJ's committed these violations knowingly, willfully, and with reckless disregard of applicable law. C.R.S. § 8-4-109(3)(c).

38.     As a result, Plaintiffs have been damaged in amounts to be determined at trial.

39.     As provided by the Wage Claim Act, C.R.S. § 8-4-109, Plaintiffs hereby demand that PJ's tender the following payments to them:

(a) an amount sufficient to reimburse Plaintiffs for all tip credits taken against their hourly wages; and

(b) the difference between Plaintiffs' actual paid wages and the correct applicable pay rate for all hours worked.

Such payments can be made care of undersigned counsel.

### Third Cause of Action
### (Violation of the Colorado Minimum Wage Act
### C.R.S. § 8-6-101, *et seq.*)

40.     Plaintiffs reallege and incorporate by reference each and every paragraph as though fully set forth herein

41.     At all relevant times, PJ's was an "employer" as defined, and operated businesses whose compensation of its employees was regulated by the Colorado Minimum Wage Order. 7 Colo. Code of Regs. 1103-1, section 2.

42.     In paying its employees, including Plaintiffs, PJ's claimed a tip credit against its minimum hourly wage obligation pursuant to Section 3(c) of the Minimum Wage Order.

43.     PJ's required the sharing of tips with employees who do not customarily and regularly receive tips, including but not limited to kitchen staff and one or more management employees. This conduct nullified the allowable tip credit towards the minimum wage authorized by Section 3(c) of the Minimum Wage Order. See Section 2 of the Minimum Wage Order, definition of a "Tipped Employee."

44.     As a result, PJ's failed to pay Plaintiffs the applicable minimum wage, and Plaintiffs have been damaged in amounts to be proven at trial.

45.     Plaintiffs are entitled to recover the unpaid balance of the full amount of such minimum wage. C.R.S. § 8-6-118.

## Prayer for Relief

WHEREFORE, Plaintiffs pray for the following relief for themselves and all Class Members pursuant to 29 U.S.C. § 216(b), Fed. R. Civ. P. 54, C.R.S. § 8-4-109, C.R.S. § 8-4-110, C.R.S. § 8-6-118, and Colo. R. Civ. P. 54 as follows:

a.      Judgment in Plaintiffs and Class Members' favor and against Defendants;

b.      Determining that the action is properly maintained as a collective and class action, certifying Plaintiffs as the class representatives, and appointing Plaintiffs' counsel as counsel for Class Members;

c.      Ordering prompt notice of this litigation to all potential Class Members;

d.      Declaratory and/or injunctive relief as permitted by law or equity;

e.      Compensatory damages, including unpaid minimum wages;

f.      Liquidated damages and/or statutory penalties as provided by law;

g.      Pre- and post-judgment interest at the highest rates allowed by law;

h.      Costs and reasonable attorney fees; and

i.      All other legal or equitable relief to which Plaintiffs and Class Members are

entitled.

**Jury Demand**

**Plaintiffs request this matter be tried by a jury.**

Respectfully submitted this 13th day of November 2019.

LAW OFFICES OF GREGORY E. GIVENS,
P.C.

*/s/ Gregory E. Givens*
Gregory E. Givens, #41810
18 N. Sierra Madre Street, Suite E
Colorado Springs, CO 80903
Telephone: 719-291-4353
gegivens@hotmail.com
*Attorneys for Plaintiffs*
*Andrea Schaus and Ashtin Brewer*

## CONSENT TO BECOME PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*

I hereby consent to be a party plaintiff in a collective action seeking unpaid wages against

Food-E LLC d/b/a PJ's Stagecoach Inn, EuroFoodWorks LLC d/b/a PJ's Bistro, and Pawel

Lukasz Jakubczyk. For purpose of pursuing my unpaid wage claims, I have engaged and choose

to be represented by Gregory E. Givens, Law Offices of Gregory E. Givens, P.C., and other

attorneys with whom he may associate.

Dated: 11/7/19

ANDREA SCHAUS (PRINT NAME)

ANDREA SCHAUS (SIGNATURE)

## CONSENT TO BECOME PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*

I hereby consent to be a party plaintiff in a collective action seeking unpaid wages against

Food-E LLC d/b/a PJ's Stagecoach Inn and Pawel Lukasz Jakubczyk. For purpose of pursuing

my unpaid wage claims, I have engaged and choose to be represented by Gregory E. Givens,

Law Offices of Gregory E. Givens, P.C., and other attorneys with whom he may associate.


Dated: 11-12-19

Ashtin Brewer
ASHTIN BREWER (PRINT NAME)


ASHTIN BREWER (SIGNATURE)