IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-03216-CMA-KMT

ANDREA SCHAUS, and
ASHTIN BREWER,

      Plaintiffs,

v.

FOOD-E LLC, d/b/a PJ's Stagecoach Inn,
EUROFOODWORKS LLC, d/b/a PJ's Bistro, and
PAWEL LUKASZ JAKUBCZYK,

      Defendants.

## ORDER REOPENING CASE

This matter is before the Court on Plaintiff's Motions (1) To Reopen the Case (Doc. # 64); (2) To Enforce Settlement Agreement (Doc. # 66); and (3) For Entry of Judgment (Doc. # 67). The Motions are granted for the following reasons.

Plaintiffs were servers at Defendant's restaurant. (Doc. # 46, section 5). They claimed that Defendant had impermissibly shared their tips with other restaurant employees, causing Plaintiffs to earn less than minimum wage. (Doc. # 46, section 3). They sued seeking back wages and other damages.

After about ten months of litigation, the parties reached a settlement. (Doc. # 64). They then agreed to administratively close the case while they fulfilled their respective settlement obligations. (Doc. # 62).

1

Plaintiffs now contend that Defendants breached the settlement agreement by failing to make timely settlement payments. They ask the Court to (1) reopen the case; (2) order Defendants to comply with the terms of the settlement agreement; and (3) enter a judgment against Defendants in the amount of $50,000. The Court grants Plaintiff's requests.

The settlement agreement provides that Defendants must pay the agreed-upon settlement "in six equal month installments beginning on November 1, 2020 and due the first of the month for five consecutive months." (Doc. # 66-1, ¶ 1). Defendants do not dispute that they failed to make at least one monthly payment. Therefore, Defendants have violated the plain terms of the settlement agreement.

Defendants argue, however, that Plaintiffs' motion is premature. According to Defendants, the Court should wait until April 1, 2021 – when the last settlement payment is due – to decide whether Defendants have fulfilled their obligations under the settlement agreement. (Doc. # 70). The Court disagrees. Defendants agreed to make settlement payments in equal monthly installments beginning on November 1, 2020. (Doc. # 66-1, ¶ 1). The parties specifically bargained for this provision of the agreement. In fact, Defendants even agreed to sign a confession of judgment in the amount of $50,000, which was to be filed with the Court in the event Defendants missed even a single monthly payment.[1] (Doc. # 66-1, ¶ 3). Thus, it is clear from the text of the settlement agreement that the monthly payment provision was a material term of the

---

[1] Defendants failed to sign the confession of judgment, in breach of the settlement agreement.

2

settlement. Defendants offer no compelling reason why the Court should ignore the plain terms of the agreement.

Defendants also argue that "given the unprecedented global pandemic . . . the expected income Defendants relied on when entering the settlement agreement was not realized." (Doc. # 70, p. 2). This argument is unavailing. Defendants entered the settlement agreement on September 4, 2020. (Doc. # 66-1). At that time, the COVID-19 pandemic had already been raging in the United States for the better part of a year, and restaurant-related restrictions had been in place, to some degree, for approximately six months.[2] Defendants should have been well aware of the potential impact COVID-19 could have on their business and on their ability to make a settlement payment less than two months later. Defendants cite no turning point in the pandemic which would justify their nonpayment, and they present no evidence to support their arguments. Further, if there were indeed changed circumstances which justified delayed payment, Defendants should have conferred with Plaintiff and notified the Court of the issue, rather than simply ignoring the plain terms of their settlement agreement.

The Court therefore ORDERS as follows:

Plaintiff's Motion to Reopen Case (Doc. # 64), Motion to Enforce Settlement Agreement (Doc. # 66), and Motion for Judgment (Doc. # 67) are GRANTED. It is

---

[2] *See, e.g. COVID View Weekly Summary ending on September 5, 2020]*, Centers for Disease Control and Prevention (September 11, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/covid-data/pdf/covidview-09-11-2020.pdf (last visited December 18, 2020); *see also Tenth Amended Public Health Order 20-28 Safer at Home and in the Vast, Great Outdoors* (Aug. 21, 2020),  Colo. Dep't Pub. Health & Env't, Order No. 20-28, *available at*  https://drive.google.com/file/d/1VtBkCA8EeNkoDrnPs6gzrUTjffiQe7N4/view (last visited December 18, 2020).

ORDERED that the case is reopened for the limited purpose of issuing this order and entering judgment. It is

FURTHER ORDERED that judgment shall enter in favor of Plaintiffs and against Defendants in the amount of $50,000, pursuant to the terms of their settlement agreement. It is

FURTHER ORDERED that Plaintiffs shall be awarded their reasonable costs and attorney fees incurred related to the above-referenced Motions, in accordance with the terms of the parties' settlement agreement. Plaintiffs shall file their bill of costs and motion for attorney fees within twenty-one days of the date of this order.

DATED: December 22, 2020

BY THE COURT:

*[signature]*
CHRISTINE M. ARGUELLO
United States District Judge