IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03216-CMA-KMT

**ANDREA SCHAUS and
ASHTIN BREWER,**

       Plaintiffs,

v.

**FOOD-E LLC d/b/a PJ's Stagecoach Inn;
EuroFoodWorks LLC d/b/a PJ's Bistro; and
Pawel Lukasz Jakubczyk.**

       Defendants.

**PLAINTIFFS' MOTION FOR ATTORNEY FEES**

Plaintiffs Andrea Schaus and Ashtin Brewer, by and through undersigned counsel, hereby move for an award attorney fees as result of the Court granting the Motion to Enforce Settlement Agreement [Doc. #72] and entering Final Judgment [Doc. # 73] on the following grounds:

*Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel has conferred in good faith with Defendants' counsel and has determined that Defendants oppose the relief requested herein.*

**I.    BACKGROUND**

On December 22, 2020, the Court granted Plaintiffs' Motion to Reopen Case [Doc. # 64], Motion to Enforce Settlement Agreement [Doc. # 66], and Motion for Judgment [Doc. # 67]; ordered the case reopen for the limited purpose of issuing the

1

order and entering judgment [Doc. ## 72-73]; entered final judgment in Plaintiffs' favor and against Defendants, jointly and severally, the amount of $50,000.00 pursuant to the terms of the parties' settlement agreement [Doc. ## 72-73]; and ordered that Plaintiffs be awarded their reasonable attorney fees and costs expended in preparing the above-referenced motions, in accordance with the terms of the settlement agreement. [Doc. ## 72-73]. The settlement agreement provides that in the event of breach, the prevailing party in any action to enforce the agreement shall be entitled to his or her reasonable attorney fees and costs. [Doc. # 66-1]. See paragraph 8(f) to Agreement.

## II.   ANALYSIS

To determine a reasonable fee request, a court must begin by calculating the "lodestar amount." *Robinson v. City of Edmond,* 160 F.3d 1275, 1281 (10th Cir. 1998) (discussing a reasonable attorney's fee under 42 U.S.C. § 1988(b)). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A party seeking an award of attorney's fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

**A. Hourly Rate**

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). The party requesting fees bears "the burden of showing that the

2

requested rates are in line with those prevailing in the community." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998). "Unless the subject of the litigation is 'so unusual or requires such special skills' that only an out-of-state attorney possesses, 'the fee rates of the local area should be applied even when the lawyers seeking fees are from another area.'" *Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006) (quoting *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983)). In order to satisfy their burden, Plaintiffs must produce "satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

The hourly rate charged by Gregory Givens in this litigation is $375.00 and is his currently hourly rate. This rate is reasonable. See attached Declaration of Gregory E. Givens. Courts in this district have found that rates in excess of $375.00 are reasonable hourly rates in FLSA disputes for attorneys with comparable experience. *See, e.g., Shaw v. Interthinx, Inc.*, No. 13-cv-01229-REB-NYW, 2015 WL 1867861, at *8 (D. Colo. Apr. 22, 2015) (approving of hourly rates ranging from $150 to $675 per hour for attorneys and staff members involved in FLSA litigation); *Blanco v. Xtreme Drilling and Coil Services, Inc.,* No. 16-cv-00249-PAB-SKC, 2020 WL 4041456, at *7 (D. Colo. Jul. 17, 2020) (finding rate charged by class counsel of $550 per hour "generally consistent with the rates charged in other cases in this district.").

### B. Number of Hours

In determining the reasonableness of the hours expended, a court considers

3

several factors. First, it considers whether the fees pertain to tasks that would ordinarily be billed to a client. *See Ramos v. Lamm*, 713 F.2d at 554. Plaintiffs must demonstrate that their counsel used "billing judgment" in winnowing down the hours actually spent to those reasonably expended. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005). If not, a court should take extra care to ensure that an attorney has not included unjustified charges in his billing statement. *Id*. A court should also consider whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering. *Id.* "In determining what is a reasonable time in which to perform a given task," an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services" caused by the presence of multiple attorneys when one would suffice. *Ramos*, 713 F.2d at 554. Ultimately, the Court's goal is to fix a fee that would be equivalent to what the attorney would reasonably bill for those same services in an open market and fees will be denied for excessive, redundant, and otherwise unnecessary expenses. *Id*. at 553. The burden is on the party requesting fees to prove that its counsel exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for

whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.").

Plaintiffs are entitled to eight hours of attorney fees. The Court found that Plaintiffs were entitled to fees because Defendants' culpable conduct led the Court to reopen the case and enforce the settlement agreement. And Plaintiffs succeeded in persuading the Court to enter judgment for $50,000.00 plus attorney fees, the relief sought in the motion for judgment. In addition, counsel's attached billing records demonstrate that he billed for time that would ordinarily be billed to a client, used billing judgment in winnowing down hours actually spent to those reasonably expended, and that the time spent on tasks in the billing statements is reasonable in light of the circumstances of the case and Defendants' legal maneuvering. Finally, Plaintiffs should be awarded fees for preparing this motion. *See Glass v. Pfeffer*, 849 F.2d 1261, 1266 n.3 (10th Cir. 1988); *Hernandez v. George*, 793 F.2d. 264, 269 (10th Cir. 1986).

### C. Lodestar Amount

Based on the aforementioned reasons, Plaintiffs respectively submit that the lodestar figure for Plaintiffs' attorney fee request should be $3,000.00 (8 hours multiplied by a $375.00 hourly rate).

### III. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully submit that the Court grant their Motion for Attorney Fees, award Plaintiffs $3,000.00 in attorney fees, and add $3,000.00 to the final judgment of $50,000.00.

Respectfully submitted this 11th day of January 2021.

                                                                   LAW OFFICES OF GREGORY E. GIVENS, P.C.

                                                                   */s/ Gregory E. Givens*
Gregory E. Givens, #41810
18 N. Sierra Madre Street, Suite E
Colorado Springs, CO 80903
Telephone: 719-291-4353
gegivens@hotmail.com
*Attorneys for Plaintiff Andrea Schaus and Ashtin Brewer, on behalf of themselves and all others similarly situated*

6

## CERTIFICATE OF SERVICE

I certify that on January 11, 2021, a true and correct copy of the document entitled **PLAINTIFFS' MOTION FOR ATTORNEY FEES** was served electronically via the U.S. District Court of Colorado's CM/ECF system and/or email as follows:

Stephen B. Rotter, Esq.
Jennifer L. Gokenbach, Esq.
THE WORKPLACE COUNSEL
1401 Lawrence Strete, Suite 1600
Denver, CO 80202
Tel: 303-625-6400
stephen@theworkplacecounsel.com
jennifer@theworkplacecounsel.com
*Attorneys for Defendants*

                                                */s/ Gregory E. Givens*
                                                Gregory E. Givens