IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-03216-CMA-KMT

ANDREA SCHAUS, and
ASHTIN BREWER,

    Plaintiffs,

v.

FOOD-E LLC, d/b/a PJ's Stagecoach Inn,
EUROFOODWORKS LLC, d/b/a PJ's Bistro, and
PAWEL LUKASZ JAKUBCZYK,

    Defendants.

---

**ORDER GRANTING MOTION FOR ATTORNEY FEES**

---

This matter is before the Court on Plaintiff's Motion for Attorney Fees (Doc. # 74). The Motion is granted for the following reasons.

### I.    BACKGROUND

This is a wage-and-hour lawsuit involving claims under the Fair Labor Standards Act, the Colorado Wage Claim Act, and the Colorado Minimum Wage Act. (Doc. # 38). Plaintiffs were servers at Defendant's restaurant. (Doc. # 46, section 5). They claimed that Defendant had impermissibly shared their tips with other restaurant employees, causing Plaintiffs to earn less than minimum wage. (Doc. # 46, section 3). They sued, seeking back wages and other damages. (Doc. # 38).

1

After about ten months of litigation, the parties reached a settlement. (Doc. # 64). They then agreed to administratively close the case while they fulfilled their respective settlement obligations. (Doc. # 62). Just a month later, however, Plaintiffs moved to reopen the case, claiming that Defendants breached the settlement agreement by failing to make timely settlement payments. (Doc. # 64). Plaintiff moved for a judgment against Defendants in the amount of $50,000, (Doc. # 67), and the Court granted Plaintiffs' request. (Doc. # 72).

Plaintiffs now seek an award of attorney fees incurred in enforcing the settlement agreement.

## II.     ANALYSIS

The settlement agreement provides that "in the event of a breach of this Agreement, the prevailing Party in any action to enforce this Agreement shall be entitled to his or her reasonable attorney's fees and costs." (Doc. # 66-1, ¶ 8(f)). There is apparently no dispute that Plaintiffs were the prevailing party in an action to enforce this agreement and are therefore entitled to attorney fees.[1] (Doc. # 72). Therefore, the sole task for the Court is to determine a reasonable fee award.

To determine a reasonable fee award, the Court must conduct a lodestar calculation. *See Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2010); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A lodestar calculation involves multiplying the number of hours an attorney reasonably expended on the matter by a reasonable hourly billing rate. *Hensley*, 461 U.S. at 433.

---

[1] Defendants filed no response to Plaintiffs' Motion for Attorney Fees.

The result is the presumptively reasonable fee, which may be adjusted to account for the presence of special circumstances. *Anchondo*, 616 F.3d at 1102. A party seeking an award of attorney fees bears the burden of proving that the attorney's rates and time spent on the matter were reasonable. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

To determine whether the attorney spent a reasonable amount of time on the matter, the Court reviews counsel's billing entries to ensure that the claimed fees were (1) reasonably billed to the client; and (2) not excessive in light of the nature of the tasks performed. *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998). "Hours that an attorney would not properly bill to his or her client cannot reasonably be billed to the adverse party." *Id*. "After examining the specific tasks and whether they are properly chargeable, the district court should look at the hours expended on each task to determine if they are reasonable." *Id*. To determine whether the time spent was reasonable, the court considers a number of factors, including "the complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the maneuvering of the other side." *Id*. (quoting *Ramos v. Lamm*, 713 F.2d 546, 559 (10th Cir.1983), *overruled in part on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987)).

To determine whether the attorney's hourly rate is reasonable, the court asks whether the rate is similar to the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295

F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).

In the instant, Plaintiff seeks a total of $3,000 in fees: eight hours of legal work billed at a rate of $375 per hour. The Court finds this to be a reasonable fee under the circumstances.

First, the Court concludes that counsel spent an appropriate amount of time on the matter. Counsel's billing statement indicates that counsel spent his time conferring with opposing counsel, researching the relevant issues, advising his clients, and drafting various motions and other briefs, including motions to reopen the case, to enforce the settlement agreement, and to request attorney fees. (Doc. # 74-2). Each of these tasks was properly billed to the client, and the time was not excessive in light of the complexity of the issues and the amount of work to be done. *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1205 (10th Cir. 1986) ("An award of reasonable attorneys' fees may include compensation for work performed in preparing and presenting the fee application.").

Next, the Court concludes that counsel's hourly rate was reasonable. Though counsel's rate of $375 per hour is high for the Colorado Springs area, where counsel practices, counsel has extensive experience handling this type of case, and he has presented evidence that a billing rate of $375 per hour is consistent with rates charged by other similarly experienced attorneys in this practice area. (Doc. # 74, p. 3; Doc. # 74-1, ¶¶ 2-4). Therefore, the Court concludes that counsel's rate is reasonable and consistent with the market rate in the District of Colorado for lawyers of comparable

skill, experience, and reputation. *See, e.g., Shaw v. Interthinx, Inc.*, No. 13-cv-01229-REB-NYW, 2015 WL 1867861, at *8 (D. Colo. Apr. 22, 2015) (approving of hourly rates ranging from $150 to $675 per hour for attorneys and staff members involved in FLSA litigation); *Blanco v. Xtreme Drilling and Coil Services, Inc.,* No. 16-cv-00249-PAB-SKC, 2020 WL 4041456, at *7 (D. Colo. Jul. 17, 2020) (finding rate charged by class counsel of $550 per hour "generally consistent with the rates charged in other cases in this district."). Multiplying the reasonable hourly rate by the number of hours reasonably expended by counsel, the Court determines that Plaintiffs are entitled to an award of $3,000 in attorney fees.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Attorney Fees (Doc. # 74) is GRANTED and the Plaintiffs are awarded $3,000 in attorney fees. The Clerk of the Court is directed to amend the Final Judgment (Doc. # 73) to reflect that judgment shall enter in favor of Plaintiffs and against Defendants in the amount of $53,000: $50,000 pursuant to the terms of their settlement agreement and $3,000 for attorney fees.

DATED: May 19, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge